**George P. SHULTZ, Secretary of Labor, United States Department of Labor**

v.

**BROOKHAVEN GENERAL HOSPITAL a corporation.**

Civ. A. No. 3–3075–B.

United States District Court
N. D. Texas,
Dallas Division.

Oct. 8, 1969.

L. H. Silberman, Solicitor of Labor, Washington, D. C., M. J. Parmeter, Regional Solicitor, Dallas, Tex., William E. Everheart, Betty Jo Christian, Dallas, Tex., for plaintiff.

M. Clifton Maxwell, Dallas, Tex., for defendant.

HUGHES, District Judge.

## FINDINGS OF FACT

1. This is an action by George P. Shultz, Secretary of Labor, United States Department of Labor, to enjoin Brookhaven General Hospital, a corporation, from violating the provisions of section 15(a) (2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. sec. 201 et seq.), and to restrain any withholding of payment of minimum wage compensation due employees under the Act.

2. Defendant, Brookhaven General Hospital, is a Texas corporation having its principal office and place of business located in Dallas, Dallas County, Texas. It is engaged in the operation of a hospital.

3. Defendant admits that it is an enterprise subject to the provisions of the Act.

4. At all times involved herein Defendant employed female aides and male orderlies.

5. The primary work performed by both aides and orderlies consists of (1) caring for the personal needs of patients, such as serving food and beverages, assisting with baths, oral hygiene, skin care, perineal care, (2) assisting patients with mechanics such as ambulations, turning, wheel chairs, bed pans, coughing, and deep breathing. Aides and orderlies are both responsible for observing and reporting intake and output of patients, dietary intake and preference, proper body elimination, attitude towards nursing care, change in patient's condition. Both are responsible for giving enemas, performing surgical preps and perilights, and seeing that all equipment used is cleaned and properly maintained.

6. Some of the aides spend part of their time working in the delivery room, the maternity ward, or the nursery. The orderlies are sometimes called to lift patients in the emergency room. Both set up traction, do heavy lifting, and both have performed catherizations, although these duties are more generally done by orderlies. On February 1, 1968, aides were ordered not to give catherizations. Only aides give sitz baths, douches and clinic tests.

7. Both aides and orderlies have the same number of patients, the aides having females and the orderlies males so far as possible. Both may be assigned patients of the opposite sex. There are more aides than orderlies and when there is no orderly on duty the aides perform the more intimate services for male patients.

8. Those tasks performed only by aides require as much skill as the performance of a catherization which orderlies perform on male patients.

9. Only an insignificant portion of an orderly's time is spent in performing catherizations.

10. An orderly serves as Fire Brigade chief which requires only minor duties.

11. The primary duties of aides and orderlies are identical, the difference in duties resulting almost entirely from the different physiological needs of the two sexes.

12. Defendant paid aides at a lower rate than orderlies during all the time involved herein.

13. From February, 1967, through May, 1967, the starting monthly salary for aides was $200.00. For orderlies it was $210.00. Beginning in May, 1967, the starting monthly salary for orderlies was $235.00; in June, 1967, it was raised to $250.00, in September, 1967, to $260.-00, in October, 1968, to $303.00. For aides the monthly starting salary was raised to $215.00 in June, 1967; to $225.-00 in September, 1967; and in January, 1969, it was raised to $250.00 and has continued at that rate to the present.

14. Increases of $25.00 a month were usually given aides and orderlies in January of each year.

15. Pay differentials of Defendant are not based on a seniority system, the evidence revealing that there were several instances of a newly hired orderly being paid more than a long time aide.

16. There is no credible testimony that every higher paid male was superior in merit to every lower paid female.

17. There is no credible testimony that the payment of higher wages of orderlies is based on education. New orderlies with or without college work are paid the same. Aides with college work were hired at lower salaries than male college students.

18. There is no credible evidence that reveals an objective standard upon which wage disparities at Defendant Hospital between aides and orderlies are based.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. Defendant at all times involved herein was an employer having employees subject to section 6 of the Act.

3. Section 17 of the Act authorizes the Secretary of Labor to file a suit to enjoin violation of the Fair Labor Standards Act and against any withholding of payment of minimum wages due employees. It is not a class action as contended by Defendant.

4. Under the provisions of Section 17 of the Act the written consent of employees is not a necessary condition for suit by the Secretary of Labor.

5. There is no substance to Defendant's contention that Section 17, insofar as it authorizes an injunction against the withholding of unpaid wages due all affected employees, is in violation of the due process clause of the Constitution.

6. An injunction against future violations and for the payment of wages due its employees as a result of the company's past violations are imposed for violation of the statute and are remedies appropriate to its enforcement.

7. The work of orderlies and aides required substantially equal skill, effort and responsibility and was performed under similar working conditions.

8. The occasional performance of duties requiring greater physical exertion does not render jobs unequal which are otherwise equal.

9. In determining a violation of the Equal Pay Act of 1963 the requirements of the particular jobs should be compared rather than the skill of individual employees, the effort of individual employees, or their previous training and experience.

10. "Equal" as used in the Equal Pay Act of 1963 does not mean identical, and insubstantial difference in the skill, effort and responsibility requirements of particular jobs should be ignored. The job requirements are to be viewed as a whole.

11. The higher wages paid orderlies by Defendant are not justified by any of the exceptions of the Act.

12. The legislative history of the Act makes it clear "that the exception for

'any other factor than sex' was not intended as a device to permit an employer to evade the Act on the basis of some subjective, uncommunicated 'reasons' regarding individual employees." (Plaintiff's Supplemental Brief, p. 7)

13. The pattern of sex based wage discriminations evidenced in this case is prohibited by the Equal Pay Act.

14. Plaintiff is entitled to an injunction permanently enjoining Defendant from violating the provisions of the section 6 of the Act and from withholding payment of minimum wage compensation due employees under the Act.