James D. HODGSON, Secretary of Labor, U. S. Department of Labor, Plaintiff-Appellant,

v.

GOLDEN ISLES CONVALESCENT HOMES, INC., d/b/a Golden Isles Convalescent Center, Defendant-Appellee.

No. 71–1994.

United States Court of Appeals, Fifth Circuit.

On Suggestion for Hearing En Banc March 13, 1972.

Opinion Oct. 31, 1972.

Peter G. Nash, Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., Beverley R. Worrell, Regional Sol., Edwin G. Salyers, U. S. Dept. of Labor, Atlanta, Ga., Bessie Margolin, Carin Ann Clauss, Donald S. Shire, U. S. Dept. of Labor, Office of Solicitor, Washington, D. C., for plaintiff-appellant.

Hillary F. Silverman, Miami, Fla., for defendant-appellee.

## ON SUGGESTION FOR HEARING EN BANC

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

BY THE COURT: No Judge in regular active service on the Court having requested that the Court be polled on hearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Hearing En Banc is denied.

Before PHILLIPS,* THORNBERRY and RONEY, Circuit Judges.

PER CURIAM:

This action was brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217 (1970), to enjoin the defendant nursing home's alleged violations of the Act's equal pay provisions. Equal Pay Act of 1963, 29 U.S.C.A. § 206(d)(1) (1970). These alleged violations affect nurse's aides and orderlies who were paid unequal wages for the performance of what the Labor Department contends was substantially equal work.

The Secretary had the burden of proving equality of work. Hodgson v. Brookhaven General Hospital, 436 F.2d 719 (5th Cir. 1970).

The district court, in special findings of fact, found that the aides and orderlies did not perform substantially equal work and set forth the different functions performed by each. The court held that not only had the plaintiff failed to meet its burden, but the evidence actually supported a contrary conclusion. To prevail on this appeal, the Secretary must show that (1) the district court's findings are clearly erroneous and (2) the evidence compels a finding of fact that the work was equal. F.R.Civ.P., Rule 52(a).

The findings of the district court are not clearly erroneous, and on that basis we affirm.

A complete analysis of the evidence supporting the findings of fact probably would not be useful. The Secretary would have us ascribe our own weight to the factual differences that appear in the evidence, but weighing and evaluating the facts is properly the task of the trial court. Suffice it to say that the Golden Isles Convalescent Center has a capacity for 200 patients, but it has never cared for more than 105 at one time. The number of patients typically ranges from 78 to 84, most of whom are women. The defendant usually employs 33 or 34 aides and 3 or 4 orderlies, although during one period of several months only one full-time orderly was employed. The Secretary, contending that aides and orderlies perform substantially equal work, seeks to have both groups paid at the same rate.

After noting the many duties performed by both aides and orderlies, the court determined that the following tasks, completed by orderlies, are not done by aides:

"A. Insertion of catheter, a skilled nursing function, which no aide would perform on males. B. Total lifting. C. Irrigation. D. Setting up a traction. E. Returning patients who had gone out of the building or who had simply wandered off. Acting as drivers to pick up patients. F. Primarily setting up oxygen tanks which required knowledge and skill.

In addition to performing the above different functions, the orderly at Golden Isles was required to 'float' to help in the rest of the nursing home. Aides were not required to 'float.' This was a substantial difference."

The Secretary contends that these duties were performed by aides, that they did not differ greatly from aides' other duties, and that they were performed too infrequently to justify a conclusion that the work was unequal. The evidence, however, does not compel such a finding.

The Department of Labor apparently seeks to obtain a conclusive determina-

* Hon. Orie L. Phillips, of the Tenth Circuit, sitting by designation.

tion by the courts that, in hospitals and nursing homes across the country, aides and orderlies perform equal work. An *amicus curiae* brief informs us that numerous federal court actions throughout the country involve the "identical" issue raised in this case, *i. e.,* whether nurse's aides perform work "equal" to that of orderlies, within the meaning of the Equal Pay Act of 1963. Some of these cases have been decided in favor of the hospital. E. 'g., Hodgson v. Good Shepherd Hospital, 327 F.Supp. 143 (E.D. Tex.1971); Hodgson v. William and Mary Nursing Home, 65 L.C. ¶32,497 (M.D.Fla.1971); and Shultz v. Royal Glades, Inc., 66 L.C. ¶32,548 (S.D.Fla. 1971). Some have decided that the work of orderlies and aides in the hospitals under consideration was equal. *E. g.,* Shultz v. Brookhaven Hospital, 305 F.Supp. 424 (N.D.Tex.1969); reversed and remanded *sub nom.* Hodgson v. Brookhaven General Hospital, 436 F.2d 719 (5th Cir. 1970), on remand, 65 L.C. ¶32,520 (N.D.Tex.1971); Hodgson v. George W. Hubbard Hospital, 351 F. Supp. 1295 [M.D.Tenn.].

These issues must be decided on a case-by-case basis under the facts of each case. They cannot be decided on an industry-wide basis. All aides in all hospitals do not perform identical functions. Nor do all orderlies in all hospitals perform identical functions. The functions for each classification may not even be substantially equal in different hospitals. The differences or similarities in each case must determine the ultimate outcome under the Equal Pay Act. For example, *Brookhaven* and *Hubbard, supra,* involved different facts than those found at Golden Isles. In *Brookhaven,* where there was a larger number of orderlies than in the case at bar, the court found that both orderlies and aides were assigned equal numbers of patients, that the primary duties of aides and orderlies were the same, and that the secondary and tertiary duties which were thought to distinguish the jobs either did not differ significantly from the primary responsi-

bilities or were performed by aides as well as orderlies. In *Hubbard,* the proof showed that both female nurse's aides and male nurse attendants performed and assisted each other in performing as a unit, without regard to job classification, the task that the employer contended were performed only by the orderlies. Neither *Brookhaven* nor *Hubbard* presented the precise configuration of job functions and employee performances found at Golden Isles.

■ The legislative history of the Equal Pay Act underscores the necessity of case-by-case analysis. By substituting the term "equal work" for "comparable work," which was originally suggested, Congress manifested its intent to narrow the applicability of the Act. Cong.Rec.Vol. 19, Part 7 (88th Congress, 1st Sess.), at 8866, 8892, 8913–8917, 9192–9218, 9761–9762, 9854, and 9941. This legislative history is discussed extensively in Hodgson v. William and Mary Nursing Home, 65 L.C. ¶32,497 (M.D.Fla.1971). It is not merely comparable skill and responsibility that Congress sought to address, but a substantial identity of job functions.

Furthermore, Congress intended to permit employers wide discretion in evaluating work for pay purposes. In the House Subcommittee Report on the Equal Pay Act, 109 Cong.Rec. 9209–9210 (1963), examples were debated to illustrate that a wage differential can be justified for employees who are available to perform an important differentiating task even though they do not spend large amounts of time at the task. Again, this approach requires examination of equal work claims in the light of practice in the particular employment.

■ We do not here decide whether the job of orderly should be open to females, or whether the job of nurse's aide should be open to males. Those questions are to be resolved in actions under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e (1970), in the manner pursued in Diaz v. Pan American World Airways, Inc., 442 F.2d 385

(5th Cir. 1971). Courts must be cautious not to apply improperly one Congressional act to achieve a purpose for which another act was intended. We here decline, nevertheless, to sanction the concept that only males can perform the work of an orderly. We decide only that the evidence supports the finding that the work done by the orderly at Golden Isles was sufficiently different from the work done by the aide to justify different pay scales. Having decided that, the extent of the difference is of no concern in this proceeding.

Our affirmance of the district court's finding that the jobs were not substantially equal makes consideration of other government contentions unnecessary.

Affirmed.