James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

BROOKHAVEN GENERAL HOSPITAL, Defendant-Appellant.

No. 71–2839.

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1972.

Roger H. Broach, Dallas, Tex., for defendant-appellant.

William E. Everheart, Atty., U. S. Dept. of Labor, M. J. Parmenter, Regional Attorney, Dallas, Tex., Peter G. Nash, Solicitor, Dept. of Labor, Bessie Margolin, Carin Ann Clauss, Sylvia S. Ellison, U. S. Dept. of Labor, Washington, D. C., for plaintiff-appellee.

Before GEWIN, COLEMAN and INGRAHAM, Circuit Judges.

**730** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

PER CURIAM:

▮ This appeal is from the district court's supplemental findings of fact ordered in a prior appeal of this Equal Pay Act, 29 U.S.C.A. § 206(d)(1) (1970) case. The prior appeal, reported at 436 F.2d 719 (5th Cir. 1970), established the law of this case, White v. Murtha, 377 F.2d 428, 431 (5th Cir., 1967), which the district court on remand was bound to follow. Fontainebleau Hotel Corp. v. Crossman, 286 F.2d 926 (5th Cir., 1961). The prior opinion of this court, authored by Judge Ainsworth, controls this case. Brookhaven's attempt to relitigate points raised by the first appeal must, therefore, fail.

The issues on this appeal are whether the district court properly limited its inquiry on remand to the equality of "effort" involved in the duties respectively performed by aides and orderlies at Brookhaven General Hospital; whether the paid differentials were justifiable in terms of the exceptions enumerated in 29 U.S.C.A. § 206(d); and whether the district court was clearly erroneous in finding that the Secretary had sustained his burden of showing that the effort entailed was substantially equal. F.R. Civ.P. 52(a).

We conclude that the district court's findings complied with our prior mandate and are not clearly erroneous. We consequently affirm.

▮ Contrary to the Secretary's aspiration toward a per se rule of equality, the developing law of remunerative equality between aides and orderlies has become a question of fact to be determined on a case by case basis. As this court's recent decision in Hodgson v. Golden Isles Convalescent Homes, Inc., 468 F.2d 1256 (1972) [1972] states:

"These issues must be decided on a case-by-case basis under the facts of each case. They cannot be decided on an industry-wide basis. All aides in all hospitals do not perform identical functions. Nor do all orderlies in all hospitals perform identical functions. The functions for each classification may not even be substantially equal in different hospitals. The differences or similarities in each case must determine the ultimate outcome under the Equal Pay Act."

▮ An evidentiary review of the district court's evaluation of Brookhaven's staff structure and policy, reported (N.D.Tex., 1971), is required. Without unnecessarily belaboring the facts and findings developed below, Brookhaven's orderlies did not expend significantly greater effort in performing primary, secondary or tertiary duties. Indeed, the record supports the affirmative statement that orderlies and aides expended substantially equal effort in performing all of their duties, however divided and ranked. The district court found and the record reflects that no justification in terms of the exceptions provided by 29 U.S.C.A. § 206(d) was present. In light of the clear holding of Hodgson v. Golden Isles Convalescent Homes, Inc., *supra,* we need make no further elaboration of the law pertaining to this class of cases.

The judgment of the district court is affirmed.[1]

---

1. The Secretary in brief suggests that this court additionally affirm the district court's order of September 3, 1970, which sets out the specific amounts of unpaid wages due each employee. This point has not been briefed or argued before this court and we decline to affirm an order of this specificity under these circumstances. The Secretary is free to prepare an adequate record in the district court and to seek a supplemental decree for the amount of unpaid wages due or owing.