**James D. HODGSON, Secretary of Labor United States Department of Labor, Plaintiff,**

**v.**

**OIL CITY HOSPITAL, INC., a corporation, Defendant.**

**Civ. A. No. 77–71 Erie.**

United States District Court,
W. D. Pennsylvania.

Nov. 27, 1972.

Richard F. Shubert, Sol. of Labor, Louis Weiner, Regional Sol., and Kenneth L. Stein, Atty., U. S. Dept. of Labor, Philadelphia, Pa., for plaintiff.

Milton W. Rosen, Oil City, Pa., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEBER, District Judge.

### Findings of Fact

1. This action was instituted by the Secretary of Labor, United States Department of Labor, under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.), hereinafter referred to as the Act. Plaintiff has alleged that the defendant has violated the provisions of sections 6(d) and 15(a)(2) of the Act by discriminating, within its establishment in which employees have been employed, between employees on the basis of sex by paying wages to employees in such establishment at rates less than the rates which it pays to the employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility and which is performed under similar working conditions.

2. Plaintiff seeks the restraint of continued violations of the Act and further seeks to have the defendant restrained from withholding any back wages owed to its employees as a result of the aforesaid violations of the Act.

3. Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining its office and physical plant at 174 East Bissell Avenue, Oil City, Venango County, Commonwealth of Pennsylvania, where it is engaged in the operation of a general hospital providing general medical services to the public.

4. Defendant at all times relevant hereto has employed in excess of 400 employees. A significant number of these employees are regularly and recurringly engaged in interstate commerce or in the production of goods for inter-

state commerce. More specifically, defendant's office employees are engaged in the receipt, preparation, and forwarding of letters, bills, receipts, invoices, and like documents through the United States mails to or from points directly outside the Commonwealth of Pennsylvania. Defendant also employs employees who receive, handle or otherwise work on various food stuffs, drugs, and medical equipment which has been received from points outside of the Commonwealth of Pennsylvania.

5. The general medical services provided by the defendant are related and performed through unified operation or common control, and in accordance with section 3(r)(1) of the Act, are deemed to be performed for a business purpose. Defendant is an enterprise engaged in commerce and in the production of goods for commerce within the meaning of section 3(s)(4) of the Act under the Fair Labor Standards Act amendments of 1966.

6. At the defendant's establishment from workweek ending July 30, 1968, to date, the defendant has employed among others, a number of male employees classified as Orderlies and a number of female employees classified as Nurses Aides.

7. The male Orderlies, during the period complained of, received a pay differential of approximately 30 cents per hour more than the female Nurses Aides.

8. The primary work performed by both female Nurses Aides and male Orderlies consists of:

(a) Complete Patient Care. This includes caring for the personal needs of patients such as serving of food and beverages, assisting with baths and body rubs, oral hygiene and skin care, and answering patients' call lights, in the taking care of patients' physical and mental needs in providing safety, comfort, proper hygiene, adequate nutrition, proper elimination, physical activities, rest, sleep, and proper attitude. Further, the aforesaid Aides and Orderlies administer treatments as required by hospital routine. The Aides and Orderlies as part of their duties constantly watch patients and report symptoms or problems to authorities in charge. Further, the aides may chart procedures performed on the patient, including vital signs such as blood pressure, temperature, pulse, and respiration, symptoms and problems. The Aides and Orderlies also keep communication lines open between the nurses, patients, doctor, hospital authorities, and the patient's family.

(b) Assisting patients with mechanics such as ambulations, turning, wheel chairs, bed pans, coughing, deep breathing, lifting, and moving. Aides and Orderlies are responsible for the giving of enemas, performing surgical preps and perilights, and seeing that all equipment used is cleaned and properly maintained.

9. The Nurses Aides and Orderlies perform the above primary duties specified in Finding of Fact No. 8, during a significant portion of hours they work in each workweek.

10. In addition, some of the Nurses Aides may perform such activities as working in the delivery room, the maternity ward, and the nursery. The Aides may perform such activities as bathing, weighing, and caring for newborn infants. Further, the Aides assist in the care, including the prevention of infection in the mothers.

11. In addition, some of the Orderlies may perform such activities as the setting up of traction for orthopedic patients, working on the ambulance in answering calls for emergencies and transporting patients to the hospital, performing duties in the castroom in assisting physicians in holding patient's limbs for the proper application of casts and splints, and the performing of catheterization and Foley care for male patients throughout the defendant's establishment.

12. Both the Nurses Aides and Orderlies perform, as a regular duty, the calming, sedating, and in some cases re-

straint of recalcitrant and disoriented patients.

13. Aides are generally assigned to the care of female patients, although they occasionally attend to the needs of male patients, while Orderlies are generally assigned to performing the duties referred to in Finding of Fact No. 8 for male patients. The primary duties of the Aides and Orderlies are identical, the difference in duties resulting substantially from the different physiological needs of the two sexes. These physiological needs are in part based on the efforts of the defendant to recognize its patients' need and demand for modesty. For example, an Orderly will perform the surgical preparation for a male patient who is about to undergo surgery of the lower pubic region, while an Aide or female employee will be called upon to perform the same duty for a female patient. However, there are duties performed by Orderlies that differ from duties performed by the Aides—by way of illustration—male catheterization, adjustment of orthopedic appliances, transporting of equipment and supplies.

14. Although such duties as described in Finding of Fact No. 13, because of their nature, are not ordinarily susceptible of performance by both male and female employees, the differential in rates of pay is not justified for the reason that the jobs performed by these employees require substantially equal skill, effort and responsibility.

15. All Orderlies are qualified to perform catheterization. That is, they have been taught the proper technique and have performed this technique while being observed by a competent physician. The amount of time in training male Orderlies for the performance of catheterization and the amount of time these Orderlies who perform catheterization engaged in these activities are insubstantial and minimal, as is the time engaged in adjustment of orthopedic appliances and transport of equipment and supplies.

16. The physical and mental effort exerted by the Nurses Aides and Orderlies in performing their primary and secondary duties is substantially equal.

17. The responsibilities of Nurses Aides and Orderlies in the performance of their primary and secondary duties are substantially equal.

18. Orderlies and Nurses Aides were previously hired at equal rates and thereafter as Orderlies attained some of the skills and experience in performing duties as stated in Finding of Fact No. 13 above, the Orderlies were granted increases in rates of pay while Aides were not, excepting however normal increases granted to both so that a wage differential did persist until January 1, 1970, at which time rates of Orderlies and Nurses Aides were equalized.

19. The defendant generally employs some 70 Nurses Aides and some 20–25 male Orderlies. Prior training or experience is not a prerequisite to employment. At the beginning of employment both Nurses Aides and Orderlies are given from one month to three months on the job training and orientation. The period of training for the Nurses Aides and the Orderlies is essentially the same.

20. The defendant does not contend that the wage rate differentials are based on a merit system, a seniority system, or on a system which measures earnings on the basis of quality or quantity of production.

21. Pursuant to a schedule which will be forwarded to the court and to the judgment entered by the parties, the defendant agrees that it will pay the sum of $25,000 due to a number of female Nurses Aides as a result of the disparity in the rates of pay between the Orderlies and Nurses Aides in the defendant's establishment.

### Conclusions of Law

1. The court has jurisdiction of the parties and the subject matter of this cause of action pursuant to the provisions of the Fair Labor Standards Act

of 1938, as amended (29 U.S.C. 201 et seq.), herein referred to as the Act.

2. Defendant's employees, as described in Findings 4 and 6 were "engaged in commerce" and "in the production of goods for commerce" and included employees handling or otherwise working on such goods within the meaning of the Act.

3. Defendant is an enterprise engaged in commerce and in the production of goods for commerce within the meaning of section 3(s)(4) of the Act under the Fair Labor Standards Act Amendments of 1966 (80 Stat. 830), 29 U.S.C. 203(s)(4). Shultz v. Brookhaven General Hospital, 302 F.Supp. 424 (DC ND Texas 1969), reversed and remanded on other grounds, 436 F.2d 719 (5th Cir. 1970), on remand see 20 WH 54.

4. The statutory provision for an injunction against future violations and for the payment of wages due its employees as a result of the company's past violations are requirements imposed for violation of the statute and are remedies appropriate to its enforcement. Shultz v. Wheaton Glass Co., 421 F.2d 259, (3 Cir. 1970), cert. den. 398 U.S. 905, 90 S.Ct. 1696, 26 L.Ed.2d 64; Shultz v. American Can Co., 424 F.2d 356 (8 Cir. 1970).

5. The work performed by the Orderlies (male) and the Aides (female) required substantially equal skill, effort, and responsibility and was performed under similar working conditions. Hodgson v. Lancaster Hospital Association, 20 WH 139 (ED Pa. July 1971); Hodgson v. Hubbard, 351 F.Supp. 1295 (DC Tenn. 1971).

6. In considering the substantial equality of the effort expended by males and females, both physical and mental effort required to be performed on the job must be weighed. Hodgson v. Daisy Manufacturing Co., 317 F.Supp. 538 (WD Ark. 1970).

7. The occasional performance of duties by Orderlies requiring greater physical effort than work performed by the Aides does not render the jobs unequal which are otherwise equal. Shultz v. Brookhaven General Hospital, 305 F. Supp. 424 (N.D. Tex.) reversed and remanded on other grounds 436 F. 2d 719 (5 Cir. 1970), on remand, 20 WH 54; Shultz v. Wheaton Glass Co., 421 F.2d 259 (3 Cir. 1970).

8. The higher wages paid Orderlies by defendant are not justified by any of the exceptions to the Act. Hodgson v. Pacific Telephone Co., 20 WH 411 and 454 (USDC ND Calif., Dec., 1971); Hodgson v. Fairmount Supply Co., 20 WH 415 (CA 4), Jan. 1972; on remand see 20 WH 627; Hodgson v. South Shore Convacare, Inc., 20 WH 490 (USDC ND Ill., Jan. 1972).

9. Plaintiff is entitled to an injunction permanently enjoining defendant from violating the provisions of section 6 of the Act and from withholding payment of minimum wage compensation due employees under the Act. Shultz v. Wheaton Glass Co., 421 F.2d 259 (3 Cir.); Hodgson v. Lancaster Hospital Association, 20 WH 139 (ED Pa., July 1971).