LOTTINGER, Judge.
This is a suit for past wages and damages filed by Albert Eakin and his wife, Mrs. Joyce Eakin for the benefit of the community of acquets and gains existing between them. The suit is for the alleged violation of the Federal Fair Labor Standards Act of 1938, as amended, and the defendant is the Ascension Parish Police Jury and the East Ascension General Hospital. Certain exceptions were filed which were referred to the merits and, after trial on the merits, the Lower Court rendered judgment in favor of defendants and against petitioners dismissing petitioner’s action. Petitioners have taken this appeal.
The Fair Labor Standards Act of 1938, 29 U.S.C.A. Section 206(d)(1) provides as follows:
“No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and re *275 sponsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a senority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex . . ."
The record reveals that Mrs. Eakin became employed by the East Ascension General Hospital on July 25, 1968, as a nurse’s aide. She was paid the starting wage of $1.30 an hour and was maintained at that wage rate through November 26, 1968 when her rate was raised to $1.45 per hour. Again on April 16, 1970, Mrs. Eak-in’s hourly wage was raised to $1.57j/2 per hour; and on November 27, 1968 their hourly rate was raised to $1.70 where it remained until their termination of employment during the year 1969.
The record also shows that Edward Carter, who was initially employed as a janitor and after a couple of months changed to the position of male orderly and Richard Miles, a male orderly, were both hired on July 25, 1968, when the hospital opened, at an hourly rate of $1.45 an hour; and on November 27, 1968 their hourly rate was raised to a $1.70 where it remained until their termination of employment during the year 1969.
The differential in the hourly rate for the orderlies and nurse’s aides is the basis of this lawsuit. Petitioners contend that the job of orderly and nurse’s aide were identical and that they performed identical services, that she was, therefore, discriminated against because of her sex. Under the provisions of the Fair Labor Standards Act she claims she was underpaid the sum of $706.47 which amount she claims plus a similar amount as liquidated damages as well as reasonable attorney fees. By amended petition, the petitioner added overtime to her claim.
The Lower Court held that the petitioners failed to sustain their burden of proving any discrimination as against the petitioners because of her sex, saying:
“The burden is on the plaintiff to prove that. There’s not a shred of evidence to show that because of sex anything happened in this law suit. The only thing that was shown, there was some testimony, and it certainly wasn’t a propounderous of the testimony, that shows that the duties of the two classes of employees were the same. But that just wasn’t, it wasn’t proven, no. 1, that any distinction was on account of sex and, no. 2, your own witnesses show that the duties weren’t the same. Your own witnesses testified that the aide performed in the OB section whereas the orderlies didn’t. Now, maybe the priority’s in reverse; maybe the nurse’s aides ought to be getting more than the orderlies; I’m not here to dispute that. But what you’ve got to show by your own allegations is that because of sex that was what resulted.”
A reading of the testimony shows certainly that petitioners failed to sustain the burden of proving that petitioner was discriminated against by the hospital because of her sex. Although there are many of the duties of the orderlies and nurse’s aides that are similar this was so because they both worked in the hospital giving aid or treatment and assistance to the patients in the hospital. Mrs. Jo Ann Brown, a practical nurse who worked during the same period as the petitioner testified that the nurse’s aides worked in the nursery regularly however she could only remember one time when she saw an orderly in the nursery. She observed the nurse’s aides regularly working in the OB section of the hospital whereas the orderlies did not work in this section. Her testimony was further to the effect that if a duty arose requiring any sort of heavy lifting and the alternative was present between an aide and an orderly that the orderly would be required to do the lifting rather than the aide.
*276 Mrs. Eakin herself testified that while she was working at the hospital she was required to go to classes whereas she does not remember any of the orderlies being required to go to these classes. She testified herself that she had never seen an orderly working in the OB or nursery sections of the hospital. She testified that the orderlies were required to catheterize the male patients while the nurse’s aides never did perform this treatment.
Several of the witnesses testified that the orderlies were placed on the night shifts because of security reasons. Mrs. Betty Louis Tucker, the Director of Nurses at the hospital, testified that the orderlies do what aides do plus more. She stated that they do heavier work. And that they employ them on the three to eleven and eleven to seven shift for the specific reason for security. In this regard, she testified :
“We use them on that shift for, I think for the security of the nursing service personnel. We need a man around on that shift. We lock the doors and we do answer emergency room buzzers and of course you never know what you are going to find out by the emergency room door. So wc have an orderly to, around for that reason.”
She further testified that the ratio of orderlies and nurse’s aides were different because it doesn’t take as many orderlies as it does nurse’s aides. She said that on a job that an orderly might do, it might take two aides to do the same job.
The record amply supports the findings of the Lower Court and we cannot say that the judgment is manifestly erroneous.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal are to be paid by petitioner.
Judgment affirmed.
ON APPLICATION FOR REHEARING