ELLIS, Judge
(dissenting):
After reviewing the application for rehearing and the authorities therein cited, I am of the opinion that the plaintiff has proved the case to the extent required by law, and believe a rehearing should be granted.
According to the federal authorities, which must govern in this case, a plaintiff proves a prima facie case when it is shown that the work done by the men and women was substantially equal, rather than identical; and that the women were paid at a lower rate than were the men. Shultz v. Wheaton Glass Company, 421 F.2d 259 (3 Cir. 1970). It then becomes incumbent on the defendant to show that the wage differential is based on factors other than the sex of the employees. In this case, the defense is that the orderlies do not perform the same duties as the aides.
The record in this case shows that there were, during the period in question, only two orderlies employed. When no orderly was on duty, all of his duties would be done by the aides. When orderlies were on duty, the only things that they did which were not routinely done by aides was the cathe-terization of male patients. Aides worked in the obstetrics department of the hospital, and orderlies, as a general rule, did not. Orderlies generally worked the evening and night shifts, so that there would be a man on duty in the hospital for what is described as “security reasons”. However, no one testified that they performed any specific duties in connection with security.
In the case of Shultz v. Brookhaven General Hospital, 305 F.Supp. 424 (D.C.1969), a case virtually identical with this one, the court found a violation of the Equal Pay Act, holding that “insubstantial difference in the skill, effort and responsibility requirements of particular jobs should be ig *277 nored. The job requirements are to be viewed as a whole.”
It seems apparent that there is no difference in the skill required of orderlies and aides. It also seems clear that the duties of the orderlies relative to male patients are duplicated by those of the aides relative to female patients. With respect to lifting heavy objects, patients, the testimony is to the effect that when aides were called on to perform this task, it might take two of them to perform what one orderly might do.
In evaluating cases of this type, the Federal Courts apply an “equal effort” criteria. In Hodgson v. Brookhaven General Hospital, 436 F.2d 719 (5th Cir. 1970), that doctrine was expressed as follows:
“As the doctrine is emerging, jobs do not entail equal effort, even though they entail most of the same routine duties, if the more highly paid job involves additional tasks which (1) require extra effort, (2) consume a significant amount of the time of all those whose pay differentials are to be justified, and (3) are of an economic value commensurate with the pay differential. We are persuaded that this approach to the application of the statutory ‘equal effort’ criterion is in keeping with the fundamental purposes of the Equal Pay Act, and adopt it here. Employers may not be permitted to frustrate the purposes of the Act by calling for extra effort only occasionally, or only from one or two male employees, or by paying males substantially more than females for the performance of tasks which command a low rate of pay when performed full time by other personnel in the same establishment.”
I do not believe that this record justifies the conclusion that orderlies performed tasks requiring greater skill or that they expended significantly more effort in carrying out their duties. I believe the differences between the two jobs are insubstantial, and that the aides are entitled, under the law, to equal pay.
A rehearing should be granted.