Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

STERLING SEAL COMPANY, INC., a corporation, Defendant.

Civ. A. No. 18–73 Erie.

United States District Court, W. D. Pennsylvania.

Aug. 8, 1973.

---

William J. Kilberg, Sol. of Labor, Louis Weiner, Regional Sol., Kenneth L. Stein, Atty., U. S. Dept. of Labor, for plaintiff.

Richard H. Zamboldi, Erie, Pa., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEBER, District Judge.

1. This action was instituted by the Secretary of Labor, United States Department of Labor, under the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter referred to as the Act. Plaintiff, has alleged that the defendant has violated the provisions of sections 6(d) and 15(a)(2) of the Act by discriminating, within its establishment in which employees have been employed, between employees on the basis of sex by paying wages to employees in such establishment at rates less than the rates which it pays to the employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility and which is performed under similar working conditions.

2. Plaintiff seeks the restraint of continued violations of the Act and further seeks to have the Defendant restrained from withholding any back wages owed to its employees as a result of the aforesaid violations of the Act.

3. Defendant, Sterling Seal Company, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining its office and physical plant at 316 West 16th Street, Erie County, Commonwealth of Pennsylvania, where it is engaged in the operation of a manufacturing establishment producing, selling, and distributing metal closures, can tops and related items, substantial quantities of which are regularly and recurringly shipped in interstate commerce.

4. Defendant at all times relevant hereto has employed approximately 180 employees. A significant number of

these employees are regularly and recurringly engaged in interstate commerce or in the production of goods for interstate commerce. More specifically, defendant's employees are engaged in the receipt, preparation, and forwarding of manufactured items, letters, bills, receipts and invoices to or from points directly outside the Commonwealth of Pennsylvania. Defendant also employs employees who receive, handle or otherwise work on various goods which have been received from points outside the Commonwealth of Pennsylvania.

5. The business activities of the defendant as described herein are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act. Said enterprise at all times mentioned herein has had an annual dollar volume of sales made or business done in an amount not less than $250,000. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as aforesaid, within the meaning of section 3(s)(1) of the Act (29 U.S.C. § 203(s)(1)).

6. Since workweek ending August 30, 1970, to the present, the defendant has employed in its establishment employees designated as decorator-strippers. This occupational classification is used by the defendant to designate employees who, among other duties, remove metal sheets from conveyor belts at the end of a cylindrical dryer and place them on a pallet for transportation within the defendant's establishment.

7. During the period of time from workweek ending August 30, 1970, to the present, defendant employed several male employees within the job classification of decorator-stripper at hourly rates ranging from $2.10 to $2.35 per hour. During the same period of time, defendant also employed Judy Edsall, Mary McNabb and Darlene Whitley as decorator-strippers at rates ranging from $1.70 to $2.10 per hour.

8. The male decorator-strippers and the female decorator-strippers perform the above primary duties specified in finding of fact no. 6, during a significant portion of hours they work in each workweek.

9. The parties have stipulated that the accumulated differential, during the period aforementioned, between the rates of pay of the male decorator-strippers and the three female decorator-strippers is computed to be Judy Edsall—$1566, Mary McNabb—$104, Darlene Whitley—$472. The aforesaid amounts due each female, if paid to the females, would have equalized their hourly rates with the rates that had been paid the male decorator-strippers for the period from workweek ending August 30, 1970, to the present time.

10. The defendant at its establishment maintained a job classification entitled hand-shear operator-set-up. The duties of the hand-shear operator-set-up included among other duties setting up a shearing machine by loosening and tightening a number of adjustment screws on each cutter, bringing the cutters into line, and tightening the cutters so that inserted lithographed metal would be cut cleanly and accurately along printed and designated lines on the metal. There are as many as 18 cutter-shoes both above and beneath the area into which the metal is inserted which regularly need adjustment during the cutting operation. The setting up of the cutters and adjusting the machines takes approximately 45 minutes and is performed as many as five to six times during an eight-hour shift. In the event that the adjustments are not made properly, there is great financial loss in that lithographed materials improperly cut have to be scrapped and cannot be used in the production process by the employer. It is estimated that the duties necessary to set up and adjust the shearing machines during an eight-hour shift take an employee approximately sixty to seventy per cent of his or her time.

11. Samuel Gualtieri and Clair Jones, both male employees, were engaged in job classifications designated as hand-shear operator-set-up. They not only performed the duties of cutting the lithographed metal, but also performed the duties of setting up and adjusting their machines and the machines of the other female shear operators. These male hand-shear operator-set-ups were paid an hourly rate in excess of the female waste-shear operators.

12. Commencing workweek ending March 26, 1972, to May 1, 1973, Gloria Smith was employed as a hand-shear operator-set-up and regularly and recurringly performed the same duties involving adjustment and set up work as did Samuel Gualtieri and Clair Jones.

13. During the period commencing with the workweek ending March 26, 1972, to May 1, 1973, Gloria Smith received $2.15 per hour which is five cents per hour less than the normal starting rate for males in that job classification, and it is further stipulated that during the period of workweeks ending March 26, 1972, to May 1, 1973, Gloria Smith had been paid the sum of $110 less than the male hand-shear operator-set-up.

14. The differential in pay for the four female employees referred to above resulted from an improper application of starting rate for the female operators.

15. Pursuant to a schedule which is attached hereto and marked Exhibit A, and to the judgment entered by the parties attached hereto and marked Exhibit B, the defendant agrees that it will pay the sum of $2432 to the plaintiff, which sum is due to the four female operators as a result of the disparity in the rates of pay between the female decorator-strippers and the male decorator-strippers and the female hand-shear operator-set-up and the male hand-shear operator-set-up in the defendant's establishment.

## CONCLUSIONS OF LAW

1. The court has jurisdiction of the parties and the subject matter of this cause of action pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), herein referred to as the Act.

2. Defendant's employees, as described herein were "engaged in commerce" and "in the production of goods for commerce" and included employees handling or otherwise working on such goods within the meaning of the Act.

3. Defendant is an enterprise engaged in commerce and in the production of goods for commerce within the meaning of section 3(s)(1) of the Act under the Fair Labor Standards Act Amendments of 1966 (80 Stat. 830), 29 U.S.C. § 203(s)(1). Shultz v. Wheaton Glass Co., 421 F.2d 259 (3 Cir. 1970), cert. den. 398 U.S. 905, 90 S.Ct. 1696, 26 L.Ed.2d 64.

4. The statutory provision for an injunction against future violations and for the payment of wages due its employees as a result of the company's past violations are requirements imposed for violation of the statute and are remedies appropriate to its enforcement. Shultz v. Wheaton Glass Co., *supra.*; Shultz v. American Can Co., 424 F.2d 356 (8 Cir. 1970); Hodgson v. Oil City Hospital, Inc., 363 F.Supp. 419 (DC WD Pa.1972).

5. The work performed by male decorator-strippers and female decorator-strippers required substantially equal skill, effort and responsibility and were performed under similar working conditions. Shultz v. Wheaton Glass Co., *supra.*; Shultz v. American Can Co., *supra.*; Hodgson v. Lancaster Hospital Association, 20 WH 139 (E.D.Pa. July 1971); Hodgson v. Oil City Hospital, Inc., *supra.*

6. The work performed by males classified as hand-shear operator-set-up and females classified as hand-shear operator-set-up required substantially equal skill, effort and responsibility and were performed under similar working conditions. Shultz v. Wheaton Glass Co., *supra.*; Shultz v. American Can Co., *supra.*; Hodgson v. Lancaster Hospital

Association, *supra.*; Hodgson v. Oil City Hospital, Inc., *supra.*

7. In considering the substantial equality of the effort expended by males and females, both physical and mental effort required to be performed on the job must be weighed. Hodgson v. Daisey Manufacturing Co., 317 F.Supp. 538 (W.D.Ark.1970).

8. The occasional performance of duties of the male employees above referred to and the female employees above referred to requiring greater physical effort does not render the jobs unequal which are otherwise equal. Shultz v. Wheaton Glass Co., *supra.*; Hodgson v. Behrens Drug Co., 475 F.2d 1041 (5 Cir. 1973).

9. The higher wage rates paid by the defendant to the males in these classifications are not justified by any exceptions to the Act. Hodgson v. Pacific Telephone Co., 20 WH 411 and 454 (USDC ND Cal., Dec., 1971); Hodgson v. Fairmount Supply Co., 454 F.2d 490 (CA 4, 1972).

10. The plaintiff is entitled to interest on the amounts of the back wages due the four employees from the median dates of the violation to the date of the judgment of this court at the rate of six per cent per annum. Hodgson v. Wheaton Glass Co., 446 F.2d 526 (3 Cir.).

11. Plaintiff is entitled to an injunction permanently enjoining the defendant from violating the provisions of section 6 of the Act, and from withholding payment of the minimum wage compensation due employees under the Act. Shultz v. Wheaton Glass Co., 421 F.2d 259 (3 Cir.); Hodgson v. Lancaster Hospital Association, *supra.*; Hodgson v. Oil City Hospital, Inc., 363 F.Supp. 419 (DC WD Pa., 1972).

### EXHIBIT A

| NAME | AMOUNT DUE | INTEREST | TOTAL |
|---|---|---|---|
| Judy Edsall | $1566.00 | $123.00 | $1689.00 |
| Mary McNabb | 104.00 | 8.00 | 112.00 |
| Darlene Whitley | 472.00 | 38.00 | 510.00 |
| Gloria Smith | 110.00 | 11.00 | 121.00 |
| | | TOTAL | 2432.00 |

### EXHIBIT B

### JUDGMENT

Plaintiff, Peter J. Brennan, Secretary of Labor, United States Department of Labor, has filed his complaint, and the defendant has appeared by counsel and waives answer and any defense to the complaint and agrees to the entry of this judgment without contest. It is, therefore, upon motion of the attorneys for plaintiff, and for cause shown:

Ordered, adjudged and decreed that defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. § 201, et seq.), hereinafter referred to as the Act, in any of the following manners:

(1) The defendant shall not, contrary to section 6(d)(1) of the Act, discriminate on the basis of sex between employees employed within an establishment by paying wages to employees in such establishment at a rate less than the rate which it pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

(2) The defendant shall, not later than the date of this judgment, equalize the wage rates of its female decorator strippers with the wage rate of the male decorator strippers, and the wage rates of its female hand-shear operators-set up with the wage rate of the male hand-shear operators-set up (or such other similar designations as defendant may have used) employed at the defendant establishment by increasing the wage rate of the females in the amount of the differential between their wage rate and the wage rate of the aforesaid male employees.

(3) The defendant shall not, contrary to section 6(d)(1) of the Act, reduce the wage rate of any employee in order to comply with the provisions of section 6(d)(1) of the Act.

(4) Defendant shall cease to withhold any amount owing to any employee which have been withheld in violation of sections 6(d)(1) and 6(d)(3) of the Act up to the date their wage rate is equalized in accordance with this judgment.

5. Defendant shall not fail to make, keep and preserve records of its employees, or of the wages, hours, and other conditions and practices of employment maintained by it as prescribed by regulations issued and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Further, the court finding, as agreed by the defendant, that the defendant has withheld wage under payments due employees in the amount of $2432.00 it is

Ordered, adjudged and decreed that defendant is restrained from withholding the payment of said wage underpayments due the employees, and is directed to make payment of the back wages as heretofore specified.

The provisions of this order relating to the restraint of withholding of wage underpayments shall be deemed satisfied when the defendant delivers to the plaintiff a certified check in the amount of $2432.00. Plaintiff shall distribute the proceeds of the check to the employees involved, or to their estates, if that is necessary, and any sums not distributed to the employees or their personal representatives, because of inability of either defendant or plaintiff to locate the proper persons, or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §§ 2041 and 2042.

It is further ordered, adjudged and decreed that no costs or disbursements be allowed:

Dated: Aug. 9, 1973

/s/ Gerald J. Weber
——————————————
United States District Judge

Defendant has appeared by counsel and waives answer and any defense to the complaint and entry of this judgment is hereby consented to.

STERLING SEAL COMPANY, INC.

By: /s/ John S. Patton

/s/ Richard H. Zamboldi, Esquire
Attorney for Defendant