294 So.2d 527 (1974)
Albert EAKIN et ux.
v.
ASCENSION PARISH POLICE JURY et al.
No. 54069.
Supreme Court of Louisiana.
April 29, 1974.
*528 Miriam T. Attaya, Lake Charles, John F. Robichaux, Camp, Carmouche, Palmer, Carwile & Barsh, Lake Charles, for plaintiff-applicant.
John A. Lieux, Gonzales, for East Ascension General Hospital.
Antoine J. Kling, Jr., Gonzales, for Ascension Parish Police Jury.
DIXON, Justice.
This action was filed against East Ascension General Hospital, the former employer of Mrs. Joyce W. Eakin, and the Ascension Parish Police Jury for alleged violations of the equal pay provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. Section 201 et seq., as amended. Although federal rights are involved, this court has jurisdiction. 29 U.S.C.A., Section 216(b).
Mrs. Eakin was employed by East Ascension General Hospital during the period between July 25, 1968 and July 22, 1970 as a nurse's aide. Her starting salary was $1.30 per hour, which was subsequently raised on November 27, 1968 to $1.45 per hour, and later elevated on April 16, 1970 to $1.57½ per hour. Two male orderlies hired by the hospital on July 25, 1968 were paid a starting wage of $1.45 per hour that was eventually raised on November 27, 1968 to $1.70 per hour where it remained until the termination of their employment in 1969. Mr. Eakin, on behalf of the community, filed this action on March 3, 1971, seeking to recover $706.47 in additional *529 wages based on the pay scale of the hospital orderlies, plus a similar amount as liquidated damages and attorney's fees. In an amended petition applicants sought to recover payment for overtime. Relators allege that Mrs. Eakin was discriminated against on account of her sex.
The trial court rendered judgment in favor of the defendants. The Court of Appeal affirmed this ruling based on evidence that the orderlies performed additional duties, including working at night to maintain security, engaging in heavy lifting and catheterizing male patients. 283 So.2d 274. We granted writs to determine whether discrimination prohibited by the act did occur.
The Fair Labor Standards Act of 1938, 29 U.S.C.A., Section 206(d)(1) reads as follows:
"No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex ..."
When Congress enacted the equal pay act, it substituted the word "equal" for "comparable." The standard of equality is higher than comparability, but lower than absolute identity. Cong.Rec., Vol. 109, Part 7 (88th Congress, 1st Session); Brennan v. City Stores, Inc., 479 F.2d 235 (5th Cir. 1973). Inconsequential differences may be disregarded as long as the jobs are "substantially equal." Hodgson v. Behrens Drug Co., 475 F.2d 1041 (5th Cir. 1973); Hodgson v. Corning Glass Works, 474 F.2d 226 (2d Cir. 1973).
The evidence does not support the conclusion that male orderlies were hired for security purposes. Their salary was the same, whether or not they worked at night. Nor does the record reveal that an orderly was always on duty during darkness. It is significant that the orderlies did not perform any specific duties in connection with security. Artificially created job descriptions or classifications should be disregarded. Schultz v. Wheaton Glass Co., 421 F.2d 259, 265 (3rd Cir. 1970).
Although the orderlies were generally responsible for the heavy lifting of patients and equipment, there were numerous occasions when nurse's aides performed such duties without assistance from their male counterparts. Employers may not frustrate the intent of the act by calling occasionally for extra effort. Hodgson v. Brookhaven General Hospital, 436 F.2d 719 (5th Cir. 1970). Equal pay for equal work is required by the act despite limited differences in skill, effort and responsibility.
Admittedly, the catheterization of male patients was performed exclusively by the orderlies. Although the nurse's aides were not qualified to do this work, they engaged in other activities also requiring special skills. Mrs. Jo Ann Brown, a practical nurse, testified that the orderlies neither worked in the nursery nor in the OB section of the hospital, as did the nurse's aides.
The Fair Labor Standards Act provides a two year statute of limitations for such actions, except that a cause of action arising out of a willful violation may be commenced within three years. 29 U.S.C. A. Section 255(a), as amended in 1966. In Coleman v. Jiffy June Farms, Inc., 458 F. 2d 1139 (5th Cir. 1972) the court held that *530 a willful violation occurred even if the employer was in good faith if he knew of the possibility of FLSA coverage. Judge Wisdom noted that the "entire legislative history of the ... FLSA indicates a liberalizing intention on the part of Congress." Id. at 1142; Brennan v. J. M. Fields, Inc., 488 F.2d 443 (5th Cir. 1973). We hold that East Ascension General Hospital's decision to employ its female employees at a lower rate of pay constituted a "willful" violation. As such, this action was timely filed, and defendants' plea of prescription is without merit.
Respondent, Ascension Parish Police Jury, urges that it is not a proper party defendant and should be released from liability. We agree. R.S. 46:1060 provides that a hospital service district created and named by any police jury shall constitute a corporate body with the power to sue and be sued. The hospital was Mrs. Eakin's employer, having hired her and paid her salary.
The next question concerns the fixing of reasonable attorney's fees. 29 U.S.C.A. Section 216(b). This issue was thoroughly discussed in Montalvo v. Tower Life Building, 426 F.2d 1135, 1150 (5th Cir. 1970). In that case the court ruled that the trial court may award attorney's fees without receiving evidence as to the proper amount, since that court had first-hand knowledge of the proceedings. We elect to follow this holding of the Fifth Circuit since the area is governed exclusively by federal law. Having reviewed the entire record, this court has made an independent assessment of the amount to be awarded rather than remand the case to the lower court. We fix attorney's fees at $500.00, based on the length of the record (approximately two hundred pages) and the period of time involved in the pleadings, briefing, trial and appeals. This sum may not adequately compensate the attorneys for their time and effort, but we feel that such an award is reasonable under the circumstances, in view of the amount involved.
The plaintiff alleged in her supplemental petition that she was entitled to additional compensation for overtime. We affirm the trial court's finding that no evidence was presented to prove that any overtime was worked. As for the main demand, plaintiff, Mrs. Joyce W. Eakin, will be awarded $706.47 in additional wages plus $706.47 as liquidated damages. The demand against Ascension Parish Police Jury is dismissed.
For these reasons, the judgment of the Court of Appeal is reversed, and there is now judgment in favor of plaintiff, Mrs. Joyce W. Eakin (see 686 C.C.P. as amended), and against defendant, East Ascension General Hospital, in the full sum of $1,412.94, plus $500.00 as attorney's fees, with legal interest from demand until paid, and all costs.
MARCUS, J., dissents and assigns reasons.
SUMMERS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
I agree with the findings of the courts below. I find that plaintiff failed to prove any discrimination by defendant hospital because of her sex. The small disparity in wages between a nurse's aide and a male orderly was justified by the additional duties required of a male orderly. Accordingly, I respectfully dissent.
SUMMERS, Justice (dissenting).
The trial judge who saw and heard the witnesses made an emphatic finding that plaintiff utterly failed to show by any evidence that any discrimination based on sex ever occurred in the employment practices of East Ascension General Hospital. *531 Plaintiffs, the trial judge also held, had failed to sustain the burden of proving equality of work. Hodgson v. Brookhaven General Hospital, 436 F.2d 719 (5th Cir. 1970). The Court of Appeal agreed. 283 So.2d 274. Nor was any showing made that women ever applied for, and were denied, employment as orderlies in the hospital. And, of course, the reasons are obvious.
Orderlies are required to do heavy lifting and moving of patients; they are responsible for security of staff and patients in the hospital; they are required to return patients who escape from the hospital or who wander from the building; they restrain those who need to be restrained; and they are expected to return to the hospital at night in case of unexpected need for their services. These duties requiring extra effort, which the physical capabilities of male orderlies are particularly suited to fill, and additional responsibilities nurse's aides could not undertake, set the orderlies apart from the female nurse's aides in both the effort they expend in the performance of their duties and the responsibility imposed upon them.
In addition to these duties requiring substantial differences in the effort to be exerted by orderlies over that to be exerted by nurse's aides, orderlies are expected to perform catheterization of male patients and to set up traction for patients generally. These are skilled assignments demanding special training and involving responsibility nurse's aides are not required to undertake.
Often only one orderly was on duty. On these occasions their jobs entailed more work than they could singly handle. It was therefore sometimes necessary for them to call upon the nurse's aides for help. And when no orderlies were present, two nurse's aides were required to do the lifting one orderly would normally do.
Another difference in the work effort and responsibility of orderlies and nurse's aides is illustrated by the fact that nurse's aides worked in the nursery and in the OB section of the hospital. Orderlies were never called upon to work there. In other words, the duties and capabilities of the orderlies and nurse's aides were not interchangeable; they were not equal. Hodgson v. Good Shepherd Hospital, 327 F. Supp. 143 (E.D.Tex.1971); Hodgson v. William and Mary Nursing Home, 65 L.C. ¶ 32, 497 (M.D.Fla.1971); and Schultz v. Royal Glades, Inc., 66 L.C. ¶ 32, 548 (S.D.Fla.1971).
The distinction between these two jobs is made clear by the findings of the court in Hodgson v. Good Shepherd Hospital, 327 F.Supp. 143 (E.D.Tex.1971):
"The orderly has had more work to do than the aides. The aides' work rarely calls for overtime and is not performed under tension and strain. The orderly's work is continuous, demanding and tiring. It involves some personal danger and risk. Work of orderlies during the period involved has been so rushing as to prevent rest or scheduled coffee breaks or lunch periods. The aide does not perform her duties under such conditions. Exhaustive studies by expert personnel and industrial engineers show that the nurse's aide averages ... two times as much nonactive or non-productive time as does the orderly."
Pertinent regulations make equal pay applicable to jobs that require "equal effort to perform". The regulations prescribe that where "substantial differences exist in the amount or degree of effort required to be expended in the performance of jobs, the equal pay standard cannot apply even though the jobs may be equal in all other respects." And the "effort" referred to is concerned with the measurement of the "physical or mental exertion" needed for the performance of a job. Code of Fed. Reg. 29 CFR 800, 127-29.
Thus I would hold that the work done by the orderlies at the East Ascension General Hospital is sufficiently different from the work done by the aides to justify the difference *532 in pay scales established by the employer. Such a holding would be especially proper here where the extent of the difference is small and some inducement is essential to attract male employees as orderlies when, as the record shows, they are difficult to obtain.
To prevail in this appellate review it was necessary for the plaintiff to show that (1) the district court's findings are clearly erroneous and (2) the evidence compels a finding of fact that the work was equal. F.R.Civ.P., Rule 52(a); Hodgson v. Golden Isles Convalescent Homes, Inc., 468 F. 2d 1256 (5th Cir. 1972). In my view the plaintiff has not discharged this obligation. The majority has simply ascribed its own weight to the factual differences that appear in the evidence, when weighing and evaluating the facts is properly the task of the trial court.
The identical issue presented by the instant case was presented in Hodgson v. Golden Isles Convalescent Homes, Inc., supra. That case involved the same issues, the same facts and the identical contention. There the federal trial court and circuit court refused to declare nurse's aides and orderlies "equal" within the contemplation of the Fair Labor Standards Act and to require that they receive equal pay. In my opinion the instant case has been litigated in the State courts to escape the obvious result which the federal courts would certainly have reached in this case in view of the Fifth Circuit's former decision. Only the liberality of this Court's majority could bring about the result reached here.
It is not merely comparable skill and responsibility that Congress sought to address in the Fair Labor Standards Act, but a substantial identity of job functions. This has not been shown in this record. Moreover, Congress intended to permit employers wide discretion in evaluating work for pay purposes. This discretion has been denied the Ascension General Hospital by this decision.
I respectfully dissent.